Filed 12/3/25  P. v. Sandusky CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098754 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 16CF04009, 18CF04063, 18CF05428) |
| v. | |
| BRYAN FEDERICK SANDUSKY, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

After defendant Bryan Federick Sandusky admitted violating the terms of his probation, the trial court sentenced him to seven years eight months in prison, executed three previously suspended probation revocation fines, and imposed and suspended three parole revocation fines.  Defendant appealed, asking us to remand his case for resentencing because:  (1) the trial court failed to follow the required fact-finding procedures before imposing an upper term sentence; and (2) he received ineffective assistance of counsel regarding his ability to pay the fines and fees imposed.  We

1

previously ordered the trial court to prepare an amended abstract of judgment but otherwise affirmed the judgment, but our Supreme Court granted review and ordered us to vacate our opinion and reconsider the cause in light of its decision in *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*). Having done so, we conclude any errors in the factfinding procedures used at defendant's sentencing were harmless beyond a reasonable doubt and therefore affirm the judgment.

### FACTS AND HISTORY OF THE PROCEEDINGS

Because this appeal challenges only aspects of defendant's sentence, we omit the details of the underlying offenses.

In 2019, the trial court sentenced defendant for three criminal cases to a total term of eight years eight months in prison, but the court suspended execution of the sentence and placed defendant on probation. The court considered financial information provided by defendant, which showed he had income of about $3,500 per month and personal property worth $30,000, with monthly living expenses of around $2,200. The court imposed three $30 conviction assessments; three $40 court operations assessments; a criminal laboratory analysis fine of $50 plus $145 in penalty assessments; and three $300 probation revocation restitution fines. The court found defendant lacked the ability to pay the drug program fee and the cost of the presentence report and did not impose those amounts.

On appeal, this court reversed defendant's sentence and remanded for the trial court to strike a one-year enhancement and impose a shorter term of probation, pursuant to newly enacted legislation. (*People v. Sandusky* (Sep. 30, 2021, C091228) [nonpub. opn.].) On remand, the trial court struck a one-year enhancement and shortened defendant's term of probation, but otherwise did not change defendant's sentence. The same day, defendant admitted violating the terms of his probation by violating Health and Safety Code section 11377, subdivision (a) and Vehicle Code section 14601.1.

At the sentencing hearing for the probation violation, the trial court noted that it had requested but not yet received certified records of defendant's prior convictions from the California Department of Justice. The court took judicial notice of its own records showing defendant's nine prior criminal convictions in that court, without objection. The court then acknowledged that sentencing laws had changed since it had first imposed defendant's sentence and asked the parties whether the court could execute defendant's sentence consistent with the new law. Defendant argued the court could not impose an upper term sentence because he "did not stipulate to any facts in aggravation nor were they submitted to a finder of fact and found to be true." Defendant also noted that the prosecution had not presented a certified copy of his criminal record, so that alternative method of proof was unavailable.

In response, the trial court asked whether "taking judicial notice of its own files under Evidence Code [section] 452 would not be a sufficient certified record?" The People argued: "Certification is generally put on for authentication purpose. If it comes from the Court's own file, seems kind of circular and bizarre to require some certification versus what the Court has already maintained." Defendant responded that the statute required facts used to impose an upper term sentence be stipulated to, found true beyond a reasonable doubt, or be proven by a certified record, which did not include judicial notice. The court then asked whether the parties disagreed with any of defendant's criminal history as listed in the probation report, and neither party did.

Ultimately, the trial court found no mitigating factors and found "[d]efendant's [prior] convictions as an adult are aggravating factors." Accordingly, the court selected the upper term of four years in prison as the principal term. The court also imposed consecutive sentences for the remaining offenses and enhancements, for a total prison term of seven years eight months. The trial court also ordered defendant to pay all fines and fees previously ordered in each of defendant's three cases, executed the three

3

previously suspended $300 probation revocation restitution fines, and imposed and suspended three $300 parole revocation restitution fines.

Defendant appealed from the judgment. In his application for appointment of counsel in this court, defendant indicated that he was incarcerated; earned $1,000 per month from "Native American Per-Cap"; paid expenses of $700 per month comprising $300 for rent or mortgage payments, $100 for food and clothing, $100 for transportation and utilities, and $200 which defendant failed to explain; and owned $1,000 worth of furniture.

This court issued an opinion ordering the trial court to prepare an amended abstract of judgment but otherwise affirming the judgment. (*People v. Sandusky* (June 28, 2024, C098754) [nonpub. opn.] [2024 Cal.App.Unpub. Lexis 4052], judg. vacated and cause remanded for further consideration in light of *Wiley*, *supra*, 17 Cal.5th 1069.) Our Supreme Court granted defendant's petition for review and ordered us to vacate our opinion and reconsider the cause in light of its decision in *Wiley*. Defendant filed a supplemental brief arguing that we should remand for resentencing because a jury should have determined whether his nine prior convictions are "numerous."

DISCUSSION

Defendant makes three arguments on appeal: (1) the trial court erred in selecting an upper term sentence; (2) he received ineffective assistance of counsel because his counsel failed to claim defendant lacked the ability to pay the fines and fees imposed; and (3) we should order the trial court to remove a redundancy in the abstract of judgment. The People respond that: (1) the trial court did not err in selecting an upper term sentence or the error was harmless and (2) defendant has not demonstrated ineffective assistance of counsel. The People concede the third issue. We conclude that any errors in selecting an upper term sentence were harmless and that defendant has not

4

demonstrated ineffective assistance of counsel.  We agree with the parties that the trial court should amend the abstract of judgment.  We will otherwise affirm the judgment.

I

*Upper Term Sentence*

In his prior briefing, defendant attacked his upper term sentence in two ways. First, he argued the trial court used a "non-existent" aggravating circumstance to support its decision.  Second, he argued that the trial court impermissibly made a subjective determination that his prior convictions are numerous, which should have been made by a jury.  We concluded that the first argument lacks merit and, though the trial court erred by not establishing the prior convictions in a permissible manner, this error did not prejudice defendant.

In his supplemental briefing, defendant argues that *Wiley* establishes that the trial court erred by not submitting the determination that his prior convictions are numerous to a jury.  *Wiley* expressly declined to decide this issue (*Wiley*, *supra*, 17 Cal.5th at p. 1085, fn. 9), and we likewise need not decide the issue here because, even assuming the trial court erred, any error was harmless under *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).

A.  "Non-Existent" Aggravating Circumstance

Defendant faults the trial court for not precisely restating an aggravating circumstance listed in rule 4.421 of the California Rules of Court.  (Rule citations that follow are found in the California Rules of Court unless otherwise stated.)

We reject defendant's argument that the trial court used a "non-existent" aggravating circumstance for two reasons.  First, in context, the trial court's statement that "[d]efendant's [prior] convictions as an adult are aggravating factors" indicates that the court considered the number of prior convictions, nine, to be aggravating, pursuant to rule 4.421(b)(2).  The court listed each of defendant's nine prior convictions by case number without referring to the offenses committed or any other fact underlying the

5

convictions. Defendant fails to offer any other possible meaning for the trial court's statement, and we see none. Defendant's presumption that the trial court did not mean to invoke this rule of court conflicts with our duty on appeal to presume the trial court's order was correct and indulge " ' "[a]ll intendments and presumptions" ' " that support it. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

Second, defendant misunderstands rule 4.421: the rule provides a list of suggested aggravating circumstances for consideration at sentencing, not a list of "valid" aggravating circumstances that makes all other circumstances invalid. The catch-all provision in rule 4.421(c) makes this clear, as does rule 4.408, which explains, "[t]he listing of factors in these rules for making discretionary sentencing decisions is not exhaustive and does not prohibit a trial judge from using additional criteria reasonably related to the decision being made." (Rules 4.408(a), 4.421(c).) Additionally, our Supreme Court has explicitly stated that a "trial court is not limited to the aggravating circumstances listed in the rules." (*People v. Black* (2007) 41 Cal.4th 799, 817, overruled on another ground in *Wiley*, *supra*, 17 Cal.5th at p. 1084.) Accordingly, the trial court would not have erred even if it did use an aggravating circumstance not listed in rule 4.421.

B.     Factfinding Under Penal Code Section 1170

Accepting the evident meaning of the trial court's statement—that the number of defendant's prior convictions was an aggravating circumstance—defendant next argues the trial court made this finding in violation of his statutory right to a jury trial. We conclude the trial court erred by relying on facts not established in one of the manners permitted by the statute.

Recent amendments to Penal Code section 1170, subdivision (b) (statutory section citations that follow are found in the Penal Code unless otherwise stated) limit sentencing courts to imposing an upper term sentence only "when there are circumstances in

6

aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Subdivision (b)(3) of section 1170 provides an exception to this limitation, permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Here, the trial court failed to use certified copies of the records of defendant's prior convictions, instead taking judicial notice of its own records, without any certification as to the authenticity of those records. Certification generally requires attestation "by a public employee, or a deputy of a public employee, having the legal custody of the writing" that the writing is a correct copy of the record kept in the custody of the court or other public entity. (Evid. Code, § 1530, subd. (a); see also Evid. Code, § 452.5.) While the fact of a prior conviction as asserted in a court judgment is a proper subject of judicial notice (*People v. Franklin* (2016) 63 Cal.4th 261, 280), here the Legislature demanded a more rigorous evidentiary procedure. Accordingly, the trial court erred in basing its selection of the upper term sentence on uncertified court records.

C.     Determining That Defendant's Prior Convictions Are Numerous

Perhaps conceding that this error identified in our prior opinion is not prejudicial, defendant instead focuses in his supplemental brief on the trial court's determination that his nine prior convictions were aggravating because of their number. Defendant contends that a numerical tally of his prior convictions is a factual determination that "goes beyond 'the bare fact of a prior conviction and its elements.'"

As noted above, section 1170, subdivision (b) permits a trial court to impose an upper term sentence only if: (1) "circumstances in aggravation of the crime . . . justify"

7

its imposition and (2) "the facts underlying those circumstances" have been established in compliance with the statute. The statute allows a sentencing court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" (§ 1170, subd. (b)(3)), but this provision is subject to constitution limitations under the Sixth Amendment. Specifically, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Erlinger v. United States* (2024) 602 U.S. 821, 838; accord *Wiley*, *supra*, 17 Cal.5th at pp. 1083-1085.)

Defendant contends the Sixth amendment prevents a sentencing court from considering the number of his prior convictions to be an aggravating circumstance that justifies an upper term sentence unless a jury has first found the convictions to be "numerous" beyond a reasonable doubt. Though defendant contends *Wiley* "firmly vindicates" his position, the *Wiley* court expressly declined to determine whether "this numerical tally" violates the Sixth Amendment. (*Wiley*, *supra*, 17 Cal.5th at p. 1085, fn. 9.) Nevertheless, we conclude, like the court in *Wiley*, that we need not decide whether counting prior convictions violates the Sixth Amendment to resolve this case.

C.    Prejudice

Having identified one error—the trial court's failure to use certified records to establish defendant's prior convictions—and having assumed a second error—the failure to have a jury determine whether those convictions were numerous—we must next determine whether these errors require vacating defendant's sentence and a remand for resentencing.

The first error, failure to use certified records of defendant's prior convictions as required by section 1170, subdivision (b)(3), was "purely one of state law," so we apply the harmless error test developed in *People v. Watson* (1956) 46 Cal.2d 818, 836.

(*People v. Epps* (2001) 25 Cal.4th 19, 29; see *Wiley*, *supra*, 17 Cal.5th at p. 1078 [jury trial is not constitutionally required for prior convictions]; *Erlinger v. United States, supra,* 602 U.S. at p. 838 [judge may " 'determine what crime, with what elements, the defendant was convicted of' "]; cf. *Shepard v. United States* (2005) 544 U.S. 13, 26 [judge may consult judicial records to determine what elements defendant admitted with guilty plea].)  That means we must affirm the judgment unless "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."  (*Watson*, at p. 836.)

Here, we see no reasonable probability of a more favorable result because defendant admitted he did not disagree with anything in the records of his prior convictions.  We also presume the probation officer properly performed his statutory duty in obtaining records of defendant's prior convictions.  (Evid. Code, § 664; § 1203, subds. (b), (g).)  Accordingly, nothing would have changed had the trial court waited for the certified copies to arrive or presented the evidence in the probation report to the jury, rather than taking judicial notice of the records.  (See *People v. Epps, supra*, 25 Cal.4th at pp. 29-30 [in the absence of contested factual questions, failure to have jury determine truth of prior convictions "could not possibly have affected the result"].)  This is a technical error not affecting defendant's substantial rights that the law requires us to affirm.  (*People v. Watson, supra*, 46 Cal.2d at p. 834; §§ 1258, 1404.)  We also note that, even using the more stringent test for constitutional error, this error would be harmless beyond a reasonable doubt because defendant does not dispute the existence of his nine prior convictions.  (See *Lynch*, *supra*, 16 Cal.5th at p. 761.)

Second, assuming that the jury should have found whether defendant's prior convictions were "numerous," we must vacate and remand unless we conclude beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the facts underlying the aggravating circumstances upon which the trial court relied to

9

conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute. (*Lynch*, *supra*, 16 Cal.5th at p. 743.)[1]

Had a jury been instructed to determine whether "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous" under rule 4.421(b)(2), the jury also would have been instructed to understand the word numerous using its "ordinary, everyday" meaning. (CALCRIM No. 200 (2025).) Numerous means "[a]mounting to a large number; many." (American Heritage Dict. (5th ed. 2022) <https://perma.cc/KQL3-XPYF> [as of Dec. 1, 2025].)

We conclude beyond a reasonable doubt that a jury would have found that defendant's nine prior convictions are numerous. What constitutes "a large number" or "many" depends on the context, but no rational juror could have determined that nine convictions is not a large number of convictions. Convictions are bad outcomes that people generally try to avoid entirely. If someone had crashed their car nine times or started nine fights at school or broken nine bones, no reasonable person would find false the proposition that the person had done these things numerous times.

Defendant directs us away from the number of convictions, contending that, "[i]n performing a numerosity calculation, a rational juror is entitled to do more than simply look at the raw number of convictions" and suggesting a jury counting convictions might give less weight to misdemeanor convictions or older convictions. We reject this

---

[1] The second part of the *Lynch* prejudice test does not apply here because the trial court sentenced defendant after the effective date of the 2022 amendment to section 1170, subdivision (b) that "altered the scope of the trial court's discretion." (*Lynch*, *supra*, 16 Cal.5th at pp. 743, 773.) "[W]hen the trial court was not aware of the full scope of its discretionary powers at the time of the defendant's sentencing, . . . 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*Id.* at pp. 770-771.) Here, the trial court was aware of the current statute and indicated that defendant's prior convictions justified an upper term sentence.

10

position, concluding that "numerous" deals only with the number of convictions. In contrast, the seriousness of convictions is accounted for by a different part of the aggravating circumstance (Rule 4.421(b)(2)), and "the recency and frequency of prior crimes" is accounted as a mitigating circumstance (Rule 4.423(b)(1)). We also note that our Supreme Court in *Lynch* considered the age of prior convictions to be a factor considered by the sentencing court when determining whether prior convictions justify an upper term sentence, not a fact to be weighed by the jury when counting those convictions. (*Lynch*, *supra*, 16 Cal.5th at p. 765.)

Because defendant's prior convictions are undisputed and a jury would have found them to be "numerous" beyond a reasonable doubt, we need not remand for resentencing.

II

*Fines and Fees*

Defendant next contends he received ineffective assistance of counsel because his counsel failed to claim he lacked the ability to pay the fines and fees imposed, basing his argument on *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

A defendant may not "automatically transform a forfeited claim into a cognizable one merely by asserting ineffective assistance of counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 121, fn. 14; see *People v. Riel* (2000) 22 Cal.4th 1153, 1202-1203.) Rather, "[t]o establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.)

11

"[R]arely will an appellate record establish ineffective assistance of counsel." (*People v. Thompson, supra*, 49 Cal.4th at p. 122.) " 'When a defendant on appeal makes a claim that his counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of representation provided by counsel. "If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' [citation], the contention must be rejected." ' " (*People v. Samayoa, supra*, 15 Cal.4th at pp. 845-846.) " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' " (*People v. Weaver* (2001) 26 Cal.4th 876, 925.) "Counsel is not ineffective for failing to make frivolous or futile motions" (*Thompson*, at p. 122), or for failing to object when "there was no sound legal basis for objection," (*People v. Cudjo* (1993) 6 Cal.4th 585, 616; accord *People v. Bell* (2019) 7 Cal.5th 70, 127).

As an initial matter, defendant's assertion that his trial counsel failed to ask the trial court to consider his inability to pay all $2,205 in fines and fees is incorrect. To the contrary, when the court imposed most of the fines and fees in November 2019, 10 months after the decision in *People v. Dueñas*, his counsel discussed defendant's finances with the court. The court considered financial information provided by defendant, and defendant's counsel additionally noted that defendant would be paying for a residential drug program. Based on this information, the court found that defendant lacked the ability to pay the court's drug program fee and the cost of the presentence report and did not impose those two amounts.

To the extent defendant argues his trial counsel performed ineffectively at the later hearing by not objecting when the trial court executed the three previously suspended $300 probation revocation restitution fines and imposed and suspended three $300 parole

12

revocation restitution fines, defendant has failed to establish that "there simply could be no satisfactory explanation" for his counsel's actions. Defendant's counsel was presumably aware of the financial information defendant had provided to the court, which showed defendant had the ability to pay $900 in executed fines and would likely have the ability to pay the additional $900 in suspended fines following his prison sentence if his parole was revoked.

Defendant contends his indigency is "evidenced by the fact that he has qualified for indigent counsel at trial and on appeal." But the evidence to which defendant cites indicates that he "was not" represented by an appointed attorney in the superior court. Nor is this court's appointment of counsel for defendant determinative because "a defendant may lack the 'ability to pay' the costs of court-appointed counsel yet have the 'ability to pay' a restitution fine." (*People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) In fact, the document defendant submitted to this court shows he has a net income of $300 per month, even while incarcerated, which supports counsel's decision not to argue defendant lacked the ability to pay the fines imposed. This amount would be sufficient to pay the fines imposed in a matter of months, which means counsel could have reasonably determined that objection to them would have been futile. Accordingly, we cannot conclude trial counsel's decision not to object fell below an objective standard of reasonableness under prevailing professional norms.

III

*Abstract of Judgment*

The parties agree, as do we, that the trial court should amend the abstract of judgment to remove the statement, "Pay all previously ordered fines/fees/restitution in Case A, B and C." Because the trial court already specified all previously ordered fines and fees on the abstract, this statement is redundant and could be construed in a way that

13

doubles the fines and fees the court imposed.  To avoid such confusion, we will order the trial court to prepare an amended abstract without this statement.

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment, removing the statement "Pay all previously ordered fines/fees/restitution in Case A, B and C."  The trial court is further directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


/s/_____
HULL, Acting P. J.



We concur:



/s/_____
MAURO, J.



/s/_____
RENNER, J.

14